UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

United States of America,

        Plaintiff,

vs.

Michael Bacigalupo,

        Defendant.

Case No. 25-cr-20634
Honorable Thomas L. Ludington

## Application for Entry of Order of Forfeiture

The United States applies to this Court for entry of an Order of Forfeiture. In support of this Application, the Government states the following:

### I.    Background

1.    On August 27, 2025, the United States filed an Information charging defendant Michael Bacigalupo ("defendant") with Count One, Wire Fraud, in violation of 18 U.S.C. § 1343. (ECF No. 1).

2.    The Information contains a Forfeiture Allegation, which provides notice that upon conviction, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The notice also provided that the government may seek entry of a forfeiture money judgment

against the defendant in an amount up to the value of proceeds that the defendant obtained as a result of Count One. (ECF No. 1, PageID.2).

    3.    On or about September 23, 2025, the defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Count One of the Information. (ECF No. 8, PageID.17). In the factual basis for the Rule 11, the defendant agreed that beginning around June 2020, and continuing through around November 2023, the defendant used his official positions with two non-profit entities, Bay City State Theatre (BCST) and Bay County Historical Society (BCHS), in Bay City, Michigan, to fraudulently obtain and divert funds intended for use by these non-profit entities for their organizational requirements to instead pay for renovation to a public bandshell in Bay City. (ECF No. 8, PageID.19). As a result of defendant's scheme, BCST could not repay $523,000 on a loan defendant obtained for the organization from a private lender and was forced to declare bankruptcy. (ECF No. 8, PageID.20-21). Defendant also diverted $231,541.17 of funds from BCHS. As a result, BCHS was unable to complete substantial renovations to its own building. (ECF No. 8, PageID.22-23). As part of the scheme, the defendant also fraudulently secured a federal grant and sought distributions of the grant funds before his fraudulent conduct was uncovered. (ECF No. 8, PageID.23-25).

    4.    As part of his Rule 11, defendant agreed to forfeit any and all property, real or personal, which constitutes or is derived, directly or indirectly,

from proceeds traceable to his participation in the described scheme under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). (ECF No. 8, PageID.32). Specifically, the defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of Seven Hundred Fifty-Four Thousand Five Hundred Forty-One Dollars and Seventeen Cents ($754,541.17). (ECF. No. 8, PageID.32-33).

5. As part of his Rule 11, the defendant agreed to the Court's prompt entry of one or more orders of forfeiture and agreed to sign a Stipulated Preliminary Order of Forfeiture for the money judgment. (ECF No. 8, PageID.33).

## II. Discussion

### A. Forfeiture is Mandatory.

6. The applicable forfeiture statutes in this case mandate that the Court impose forfeiture as part of defendant's sentence. 28 U.S.C. § 2461(c) (stating "the court **shall** order the forfeiture of the property as part of the sentence") (emphasis added). The Sixth Circuit has also recognized that forfeiture is mandatory. *United States v. Hampton*, 732 F.3d 687, 691 (6th Cir. 2013) cert. denied, 134 S. Ct. 947, 187 L. Ed. 2d 812 (2014) (referencing the statutes use of the verb "shall" and concluding Congress intended the forfeiture provisions to be mandatory) (citing *United States v. Monsanto*, 491 U.S. 600, 607 (1989)). Further, the Sixth Circuit has authorized the entry of forfeiture money judgments. *Hampton*, 732 F.3d at 692

3

(joining the consensus view and holding that entry of the forfeiture money judgment was authorized even though the amount of proceeds subject to forfeiture exceeded the value of the defendant's assets at sentencing).

7. In this case, defendant has been convicted of an offense requiring forfeiture; specifically, Wire Fraud in violation of 18 U.S.C. § 1343. Therefore, entry of an Order of Forfeiture is a mandatory part of defendant's sentence. In the Information, the defendant was placed on notice that upon conviction, the United States intended to seek forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense which may include entry of a forfeiture money judgment against the defendant in an amount up to the value of proceeds that defendant obtained as a result of Count One. (ECF No. 1, PageID.2). Further, in the Rule 11 Plea Agreement, defendant agreed to the entry of a forfeiture money judgment against him, in favor of the United States, in the amount of $754,541.17. (ECF. No. 8, PageID.32-33).

### B. The Forfeiture Amount.

8. Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides, in relevant part, that:

> As soon as practical after … a plea of guilty … is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. .

> . . If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

Rule 32.2 further provides that "[t]he court's determination may be based on evidence already in the record, including any written plea agreement . . . ." Fed. R. Crim. P. 32.2(b)(1)(B).

    9.    The forfeiture statutes at issue also make clear that forfeiture is measured by "[a]ny property, real or personal, which constitutes or is derived from proceeds . . .." 18 U.S.C. § 981(a)(1)(C). In his Rule 11, defendant agreed to the entry of a forfeiture money judgment in the amount of $754,541.17. (ECF. No. 8, PageID.32-33).

### C. Entry of the Forfeiture Order.

    10.    Rule 32.2 also provides for entry of a preliminary order of forfeiture, stating that,

> If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.

Fed. R. Crim. P. 32.2(b)(2)(A).

11. Federal Rule of Criminal Procedure 32.2 also provides for entry of a preliminary order of forfeiture, as follows:

> Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

Fed. R. Crim. P. 32.2(b)(2)(B).

12. The defendant's sentencing is currently scheduled for February 23, 2026, making it appropriate for the Court to enter an Order of Forfeiture at this time.

13. Because the forfeiture money judgment is not subject to ancillary proceedings, the forfeiture money judgment shall be final and effective at sentencing.

14. Given that the defendant agreed in his Rule 11 to the entry of a Preliminary Order of Forfeiture, incorporating the forfeiture money judgment, there should be no objection to this Application or to the proposed Order of Forfeiture. Nevertheless, pursuant to Local Rule 7.1, the undersigned communicated with defendant's attorney, Jeffrey J. Rupp, via e-mail to determine defendant's position on entry of an Order of Forfeiture. Jeffrey J. Rupp responded that he did not concur at this time.

///

### III. Conclusion and Requested Relief

Pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), and Rule 32.2, and based upon the Information, the Rule 11, the defendant's guilty plea, this Application, and information contained in the record, the United States respectfully requests that the Court enter the proposed Order of Forfeiture. The government will submit the proposed Order of Forfeiture to the Court via ECF utilities.

>Respectfully submitted,
>
>JEROME F. GORGON JR.
>United States Attorney
>
>S/Adriana Dydell
>Adriana Dydell (CA 239516)
>Assistant United States Attorney
>211 W. Fort Street, Suite 2001
>Detroit, MI 48226
>(313) 226-9125
>Adriana.Dydell@usdoj.gov

Dated: January 8, 2026

**Certification of Service**

I hereby certify that on January 8, 2026, the foregoing document was filed with the Clerk of the Court using the ECF system, which will electronically serve all ECF participants.

S/Adriana Dydell
Adriana Dydell (CA 239516)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9125
Adriana.Dydell@usdoj.gov
