UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 25-20634

v.                                                      Honorable David M. Lawson

MICHAEL BACIGALUPO,

        Defendant.
_____/

## AMENDED PRELIMINARY ORDER OF FORFEITURE

The defendant was convicted upon his guilty plea of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343.  In the plea agreement, the defendant agreed to forfeit certain property representing proceeds of the crimes for which he has been convicted and to the entry of a money judgment of forfeiture in the amount of $754,541.17.  The government has applied for a preliminary order of forfeiture under Federal Rule of Criminal Procedure 32.2 and 18 U.S.C. § 981(a)(1)(D).  The defendant has not opposed the application.

Accordingly, it is **ORDERED** that the government's unopposed application for entry of a preliminary order of forfeiture, ECF No. 20, is **GRANTED**.

It is further **ORDERED** as follows:

1.       The defendant shall forfeit to the United States of America any property, real or personal, constituting, or derived from, any gross proceeds obtained, directly or indirectly, as a result of the defendant's violations, and any property traceable to the defendant's violation of 18 U.S.C. § 1343.

2.       A forfeiture money judgment will be granted and entered against the defendant in favor of the United States in the amount of $754,541.17 in United States currency,

representing the total amount of gross proceeds that the defendant obtained as a result of his violations of 18 U.S.C. § 1343.

3. The forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant, except exempt property. To satisfy the money judgment, any assets that the defendant has now, or may later acquire, except exempt property, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2), up to the value of the forfeitable property.

4. The United States of America is permitted to seize specific property subject to forfeiture whether held by the defendant or a third party, and to undertake, with leave of court, whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property, upon entry of an amended preliminary order of forfeiture enumerating the specific substitute property under Federal Rule of Criminal Procedure 32.2(b)(2)(A) and (b)(3).

5. The defendant will cooperate with the United States by taking whatever steps are necessary to deliver clear title to the property subject to forfeiture to the United States and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

6. The defendant's assistance will include agreement by the defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in forfeiture, and will involve an agreement by the defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

-

7.      The defendant must identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years.   He must identify all assets in which he has or had during that time any financial interest, and he must provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property.   The defendant must take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.  The defendant must provide or consent to the release of his tax returns for the previous five years.

8.      This Preliminary Order of Forfeiture shall become the Final Order of Forfeiture at the time of the defendant's sentencing, shall be made part of the sentence and included in the Judgment, and shall not be the subject of ancillary proceedings given that the forfeiture consists entirely of a money judgment.

9.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

                                                    s/David M. Lawson  
                                                    DAVID M. LAWSON  
                                                    United States District Judge

Dated:   March 16, 2026